UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN HALE DAVIS,

        Movant,

                                       Case No. 1:14-cv-1300

v.

                                       HON. PAUL L. MALONEY

UNITED STATES OF AMERICA,

        Respondent.

_____/

## OPINION

Before the Court is Movant Jonathan Hale Davis's motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence (ECF No. 1) and supplements thereto (ECF Nos. 21, 22). The Government has filed responses (ECF Nos. 19, 25) and Movant has filed a reply (ECF No. 20). Also before the Court are Movant's motion for an evidentiary hearing (ECF No. 3), motion to compel (ECF No. 10), and motion to supplement the motion under § 2255 (ECF No. 26). For the reasons that follow, all motions will be denied.

## I.

In 2011, Movant was charged with being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (Count 1), possession of cocaine base with intent to distribute, 21 U.S.C. §§ 841(a)(1) 841(b)(1)(C) (Count 2), and possession of a firearm in furtherance of drug trafficking, 18 U.S.C. § 924(c)(1)(A)(i) (Count 3). (Indictment, *United States v. Davis*, No. 1:11-cr-245 (W.D. Mich.), ECF No. 1.) The indictment was filed after officers found Movant in a vehicle in possession of a pistol, ten individually-wrapped packages of crack cocaine, a razor blade, rubber gloves, and a digital scale. *United States v.*

*Davis*, 533 F. App'x 576, 579 (6th Cir. 2013). The pistol was located in Movant's waistband. Shortly before Movant's arrest, officers had tracked a suspect involved in an armed home invasion to a hotel. *Id.* at 578-79. When the police found Movant, he was waiting for the suspect outside the hotel, at night, with his engine running. *Id.* at 579.

Before trial, Movant's counsel filed an unsuccessful motion to suppress the evidence found in Movant's possession, including the gun and the drugs. After the Court denied the motion, Movant conditionally pleaded guilty to all three counts in the indictment, reserving the right to appeal the Court's ruling on the suppression motion, and the right to withdraw his guilty plea if his appeal was successful. The plea agreement made clear that Movant was subject to a maximum sentence of life imprisonment on Counts 1 and 3:

> Count 1. The defendant acknowledges that he is subject to the enhanced penalties provided in 18 U.S.C. § 924(e)(1), because the defendant has been convicted of three or more violent felonies and/or serious drug offenses. Accordingly, the defendant is subject to a sentence of *at least fifteen years' up to life imprisonment . . . .*
>
> . . .
>
> Count 3. The statutory sentence the Court shall impose for a violation of 18 U.S.C. § 924(c)(1)(A)(i) is the following: a mandatory minimum of five years *up to life imprisonment*, to be served consecutively to the sentence imposed for Counts 1 and 2 .
> . . .

(Plea Agreement, *Davis*, No. 1:11-cr-245, ECF No. 22, PageID.114 (emphasis added).) In addition, Movant signed the following statement:

> I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement.

(*Id.* at PageID.118.)

Before sentencing, the Government prepared a report indicating that Movant had several prior convictions that might qualify as a "violent felony" or a "serious drug offense" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), including: two juvenile convictions in 1994 and 1995[1] for possession with intent to deliver cocaine, Mich. Comp. Laws § 333.7401(2)(a)(iv); a juvenile conviction in 1995 for second-degree home invasion, Mich. Comp. Laws § 750.110a(3); a conviction in 1998 for delivery and manufacture of less than 50 grams of cocaine base; a conviction in 2002 for delivery and manufacture of marijuana; and a conviction in 2005 for assaulting a prison employee, Mich. Comp. Laws § 750.197c. (Presentence Report, *Davis*, No. 1:11-cr-245, ECF No. 29.) Movant's counsel submitted written objections arguing that Movant did not qualify as an armed career criminal under the ACCA. Specifically, counsel argued that juvenile adjudications should not count as a serious drug offense, and that the conviction for home invasion should not count as a violent felony. Counsel acknowledged that Movant qualified for the career-offender enhancement in § 4B1.1 of the Sentencing Guidelines, but counsel asked the Court to sentence Movant as if he was not a career offender.

At the sentencing hearing, Movant's counsel raised the same objections to the ACCA enhancement, but the Court found that Movant was an armed career criminal because of the two juvenile adjudications for possession with intent to deliver cocaine in 1994/1995, the adult drug conviction in 1998, and the juvenile conviction for home invasion, which the Court found was a "violent felony" under 18

---

[1]The second conviction from 1995 was initially described in paragraph 62 of the presentence report as one for simple possession of cocaine. In an amendment to the presentence report, the probation office clarified that this conviction was for possession with intent to deliver cocaine. (*See* Mem. of Sentencing, *Davis*, No. 1:11-cr-245, ECF No. 35, PageID.320.)

U.S.C. § 924(e)(2). (Sent. Tr. 11-13, 38-40, 46-49, *Davis*, No. 1:11-cr-245, ECF No. 39.) The Court also found that Movant was a career offender under the Sentencing Guidelines, and sentenced Movant to a total of 264 months of imprisonment for Counts 1 and 2, and a consecutive 60 months of imprisonment for Count 3, for a total of 324 months of imprisonment followed by 3 years of supervised release. The sentence for Counts 1 and 2 was near the bottom of the range determined by the Guidelines, and accounted for a three-point reduction in Movant's offense level due to the fact that he pleaded guilty and accepted responsibility for his actions.

Movant filed an appeal and the Court's judgment was affirmed by the Court of Appeals for the Sixth Circuit. Among other things, Movant challenged his classification as an armed career criminal, claiming that his juvenile adjudications for drug offenses and his conviction for home invasion do not qualify as prior convictions under the ACCA. The Court of Appeals declined to rule on the issue because Movant's sentence was determined by the Guidelines rather than the statutory minimum in the ACCA. Thus, any error in determining that Movant was an armed career criminal was harmless. *Davis*, 533 F. App'x at 583. Movant then filed a petition for a writ of certiorari, which was denied by the Supreme Court on December 16, 2013.

In his motion under § 2255, Movant asserts the following grounds for relief:

I.      Ineffective Assistance of Counsel during Pre-Trial Stage.

II.     Ineffective Assistance of Counsel during Plea Process.

III.    Ineffective Assistance of Counsel during the Sentencing Stage.

IV.     Ineffective Assistance of Counsel during the Appeal Process.

V.     Ineffective Assistance of Counsel Due To the Cumulative impact of Multiple deficiencies [and] errors by Counsel during the Pretrial, Plea, and Appeal process.

(*See* Mot. under § 2255, ECF No. 1, PageID.4-9.) In supplements to his motion, Movant asserts that he is entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Respondent argues that Movant's claims are meritless.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2)

"actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

### III.

#### Ground I: Ineffective assistance of counsel (pre-trial)

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. Movant must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced Movant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Movant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.*; *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691. Movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to

6

undermine confidence in the outcome." *Id.* at 694. When challenging a guilty plea based on ineffective assistance of counsel, the focus is on whether counsel's constitutionally deficient performance affected the outcome of the plea process. In other words, Movant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Movant first contends that counsel was ineffective because counsel misrepresented the likelihood of a conviction and the consequences of a guilty plea. According to Movant, counsel told Movant that he had no viable defense for Counts 2 and 3, whereas Movant contends that he could have raised a personal-possession defense to Count 2. The Court discerns nothing objectively unreasonable or misleading in counsel's advice. The items that were discovered in Movant's possession, including individually-wrapped bags of cocaine, rubber gloves, a razor blade, and a digital scale, are all indicators of intent to distribute, not personal possession. Movant does not point to any evidence which would tend to show that he possessed the cocaine for his own use.

Movant asserts that counsel should have told him to plead guilty to Count 1 and go to trial on Counts 2 and 3. Movant believes that if he had been convicted under this scenario, the highest sentence that he could have received was 20 years for Count 2 and a consecutive 5 years for Count 3, which is less than the 27-year sentence that he received. This calculation does not account for the fact that Count 1 permitted a life sentence because Movant was determined to be an armed career criminal under 18 U.S.C. § 924(e). Count 3 also permitted a life sentence. *See United States v. Morgan*, 572 F. App'x 292, 300 (6th Cir. 2014) ("The statutory maximum permitted under § 924(c)(1)(A) is a life sentence."). Moreover, Movant's sentence would not have been lower if he had gone to trial on Counts 2 and 3 and lost rather than

7

pleading guilty. To the contrary, the sentence would have been higher. Movant received a three-point reduction in his offense level for his acceptance of responsibility. He would not have received those points if he had gone to trial. One of those points was awarded because he notified the Government of his intent to plead guilty in sufficient time to permit the Government to avoid trial preparation. *See* U.S.S.G. § 3E1.1(b). Going to trial on some of the Counts would not have permitted the Government to avoid trial preparation. Thus, Movant's belief that he should have gone to trial on Counts 2 and 3 is based on a mistaken assumption that he could have received a better sentence even if he was found guilty at trial. Because this assumption is incorrect, he has not demonstrated that counsel's performance was inadequate, let alone that there is a reasonable probability that he would have insisted on going to trial rather than pleading guilty.

Movant also contends that his counsel misinformed him that he would receive no more than 20 years of imprisonment under Count 2. (Mot. under § 2255, ECF No. 1, PageID.22.) Movant contends that he was not told that being considered a career offender under the Sentencing Guidelines would increase his sentence beyond the 20-year statutory maximum for Count 2. Counsel's advice was correct. The statutory maximum punishment for Count 2 is 20 years. Although the judgment refers to "a total term of 264 months for Counts 1 and 2, to run concurrently" (J., *Davis*, No. 1:11-cr-245, ECF No. 34, PageID.314.), this "total" is permitted by Count 1, which has a statutory maximum of life imprisonment. The possibility of a life sentence under Counts 1 and 3 was made clear to Movant in the plea agreement. Moreover, Movant acknowledged in that agreement that any sentence would be determined by the Guideline range "subject to the statutory maximum and minimum penalties described []in this agreement."

8

(Plea Agreement, *Davis*, No. 1:11-cr-245, ECF No. at PageID.116.)[2] Movant's 27-year sentence was influenced by the fact that he is a career offender under § 4B1.1 of the Sentencing Guidelines. The plea agreement did not promise that Movant would receive the minimum sentence provided by statute or the Guidelines.

### Ground II: Ineffective assistance of counsel (plea process)

Movant asserts that counsel failed to keep a promise that Movant would receive a sentence of no more than 20 years on Count 2. As explained above, counsel's advice was correct. 20 years is the statutory maximum for Count 2. The judgment indicates that Movant received a "total" sentence of more than 20 years' imprisonment on *both* Counts 1 and 2.

### Ground III: Ineffective assistance of counsel (sentencing)

Movant asserts that counsel should have objected to a sentence greater than the statutory maximum for Count 2. This claim fails for the reasons already stated. The prison term reflected in the judgment is a combined total for Counts 1 and 2.

Movant argues that his counsel should have conducted a more thorough investigation that would have revealed that he did not qualify for the "Career Criminal enhancement." (Mot. under § 2255, ECF No. 1, PageID.23.) This assertion is belied by the record. Movant's counsel filed a written objection to the pre-sentence report, arguing that Movant should not be considered an armed career criminal under 18 U.S.C. § 924(e) because his convictions for possession of cocaine with intent to deliver and for home invasion were juvenile adjudications. Counsel noted that Movant's juvenile adjudications for drug offenses

---

[2]Movant contends that the plea transcript will show that his counsel and the Government misrepresented the maximum penalty provided by law. He does not indicate what he means. Moreover, the Court has no record of any plea transcript being prepared in this case.

were so old that they were not counted under the Guidelines. For Movant's juvenile adjudication of home invasion, the ACCA requires that juvenile adjudications of a violent felony involve "the use or carrying of a firearm, knife, or destructive device[.]" 18 U.S.C. § 924(e)(2)(B). Counsel argued that the conviction for home invasion did not involve the use or carrying of a firearm, knife or destructive device. Counsel made similar arguments at the sentencing hearing, but the Court rejected them. Movant's appellate counsel raised similar arguments on appeal, but the Court of Appeals found that any error was harmless because this Court focused on the Guidelines rather than the ACCA minimum when imposing its sentence. *See Davis*, 533 F. App'x at 583. Movant has not shown objectively unreasonable conduct. Counsel used every available opportunity to object to the ACCA enhancement, but counsel's arguments were rejected by this Court and by the Court of Appeals. Movant does not point to anything that counsel could have done that would have changed this result. Moreover, Movant cannot demonstrate prejudice because the Court of Appeals determined that any error in the finding that Movant was an armed career criminal was harmless.

In Movant's reply in support of his motion under § 2255, he asserts that counsel was ineffective by failing to challenge Movant's status as a career offender. However, Movant does not offer any valid objection that counsel should have raised. Movant has at least two prior convictions that qualify to make him a career offender under § 4B1.1 of the Guidelines. Movant's 1998 conviction for delivery and manufacture of a controlled substance counts as a "controlled substance offense" under § 4B1.1 of the Guidelines. In addition, Movant's 2002 conviction for delivery and manufacture of marijuana counts as a

controlled substance offense under the Guidelines,[3] even though it does not count as a serious drug offense under the ACCA.[4] (*See* Sent. Tr. 13, *Davis*, No. 1:11-cr-245.) Thus, Movant has not demonstrated prejudice resulting from any failure by counsel to investigate or challenge Movant's eligibility for the career-offender enhancement in the Guidelines.

### Ground IV: Ineffective assistance of counsel (appeal)

Movant asserts that appellate counsel should have raised a Rule 11 objection to a sentence above the statutory maximum in Count 2. This claim fails for the same reasons stated in the previous section.

Movant also claims that his appellate counsel should have cited Supreme Court precedent like *Descamps v. United States*, 133 S. Ct. 2276 (2013) in support of the argument that the conviction for second-degree home invasion did not qualify as a violent felony under the ACCA. However, the Court of Appeals decided not to examine whether Movant's conviction for second-degree home invasion was a violent felony. Citing *Descamps* would not have changed that decision. Moreover, *Descamps* is not relevant. It does not provide guidance on how to determine whether a juvenile conviction for a violent felony involves the use or carrying of a firearm, knife, or destructive device.

### Ground V: Cumulative Effects of Ineffective Assistance

---

[3]Movant contends that the 2002 conviction was for "simple possession" of less than 25 grams of cocaine. (Reply, ECF No. 20, PageID.251.) The Presentence Report describes the 2002 conviction as one for "Controlled Substance Delivery and Manufacturing Marijuana." (Presentence Investigation Report ¶ 67, *Davis*, No. 1:11-cr-245, ECF No. 29.) Movant is apparently referring to a *different* conviction in 2000 for "Controlled Substance Possession of Cocaine Less Than 25 Grams." (*Id.* at ¶ 66.)

[4]A serious drug offense must have a "maximum term of imprisonment of ten years or more[.]" 18 U.S.C. § 924(e)(2)(A)(ii). Movant's marijuana conviction did not carry a maximum term of ten years or more, but the Guidelines do not contain such a limitation. They require only that the conviction be "punishable by imprisonment for a term exceeding one year[.]" U.S.S.G. § 4B1.2(b).

Movant argues that he is entitled to relief due to the cumulative effects of errors and deficiencies by counsel during the pretrial, plea, sentencing, and appeal stages of his proceedings. Because Movant has not demonstrated ineffective assistance of counsel at any stage of his criminal proceedings, his claim that he was prejudiced by cumulative error is without merit.

### Supplemental Grounds based on *Johnson*.

In supplemental filings,[5] Movant argues that he is entitled to relief as a result of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the "residual clause" in the ACCA is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. For reasons discussed above, the Court found that Movant qualifies for the ACCA enhancement because of three convictions for serious drug offenses and one conviction for home invasion. None of these prior convictions depended upon the residual clause in the ACCA. Moreover, the Court of Appeals determined that any finding that Movant is an armed career criminal was harmless. Thus, insofar as it relates to Movant's status as an armed career criminal, *Johnson* has no impact on Movant's sentence.

In addition, *Johnson* has no impact on Movant's status as a career offender under § 4B1.1 of the Sentencing Guidelines, which at the time of Movant's sentencing defined "crime of violence" in virtually identical terms as the definition of "violent felony" in the ACCA. The Supreme Court recently held that the vagueness analysis in *Johnson* does not apply to the Sentencing Guidelines. *Beckles v. United States*, __ S. Ct. __, No. 15-8544, 2017 WL 855781 (Mar. 6, 2017).

---

[5] These filings include the proposed supplement in Movant's motion to supplement the motion under § 2255. (ECF No. 26.) The Court will deny the motion to supplement because the claims raised therein are meritless.

Movant also contends that *Johnson* invalidates his conviction under 18 U.S.C. § 924(c). In other words, he contends that, like the residual clause in the definition of "violent felony" in § 924(e), the definition of "crime of violence" in § 924(c)(3) is unconstitutionally vague. The Court of Appeals has reviewed and rejected this argument because "§ 924(c)(3)(B) is considerably narrower than the statute invalidated by the Court in *Johnson*, and . . . much of *Johnson*'s analysis does not apply to § 924(c)(3)(B)[.]" *United States v. Taylor*, 814 F.3d 340, 375-76 (6th Cir. 2016). More importantly, Movant was not convicted of a crime under § 924(c)(3). He was convicted of possessing a firearm "in furtherance of" a "drug trafficking crime," under 18 U.S.C. § 924(c)(1).

Finally, Movant asserts that the plea agreement was invalid under *Johnson* because the agreement did not provide notice of the specific penalty that he would receive; instead, it informed him of the statutory minimum and maximum sentences. *Johnson* does not require that a plea agreement provide notice of the specific sentence that a defendant will receive. Furthermore, a sentence cannot be known with certainty at the plea stage. The sentencing court must consider information presented at the sentencing hearing, and has discretion to issue a sentence within the statutory minimum and maximum terms after considering the factors in 18 U.S.C. § 3553. That is why Movant's plea agreement informed him that "the Court must consult the Guidelines and take them into account when sentencing the defendant. . . . [T]he Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties described elsewhere in this agreement." (Plea Agreement, *Davis*, No. 1:11-cr-245, ECF No. 22, PageID.116.) Thus, *Johnson* affords no relief to Movant, and he does not state a claim based on an alleged lack of notice of the specific sentence that he would receive.

13

**Other Supplemental Grounds**

In an affidavit, Movant contends his plea was not knowingly entered into because he was not informed that his prior convictions "had to be recidivistly charged and convicted of a term of 10 years or more . . . under State Law to qualify as felonies under Federal Law." (Movant's Aff., ECF No. 21, PageID.273.) He misunderstands the law. Neither the ACCA nor the career offender guideline requires a prior conviction with an actual sentence of 10 years or more. The ACCA requires that serious drug offenses be *punishable* with a "maximum" sentence of 10 years or more, 18 U.S.C. § 924(e)(2)(A), and that violent felonies be "punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 924(e)(2)(B). Similarly, the Guidelines require that a controlled substance offense be "punishable by imprisonment for a term exceeding one year[.]" U.S.S.G. § 4B1.2(b). In other words, the maximum *possible* sentence is relevant, not the actual sentence.

Movant also claims that he is not a career offender because he was not a "State recidivist offender under State Law[.]" (Movant's Aff., ECF No. 21, PageID.274.) The Guidelines do not require a determination that a defendant is a recidivist or habitual offender under state law. They require that the defendant "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

In short, all of Movant's claims, including his supplemental and proposed supplemental claims, are meritless.

**IV.**

Movant has also filed a motion to compel. He seeks a copy of the case file possessed by his attorney. He claims that he received a copy on disc, but the copy he received is not accessible because the

14

disc is cracked. He also asks for all information in the prosecutor's possession that the prosecutor "plans

to use in [] prosecuting Movant under *Brady v. United States*[.]" (Mot. to Compel, ECF No. 11,

PageID.99.)

"'Habeas petitioners have no right to automatic discovery.'" *Johnson v. Mitchell*, 585 F.3d 923,

934 (6th Cir. 2009) (quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)); *see also Bracy

v. Gramley*, 520 U.S. 899, 904 (1991) ("A habeas petitioner, unlike the usual civil litigant in federal court,

is not entitled to discovery as a matter of ordinary course."). Rule 6(a) of the Rules Governing Section 2255

Proceedings provides that the Court "may, for good cause, authorize a party to conduct discovery under

the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and

principles of law." Rule 6(a). To demonstrate good cause, Movant must provide "'*specific allegations* . . .

[that] show reason to believe that [he] may, if the facts are fully developed, be able to demonstrate that he

is confined illegally and is therefore, *entitled to relief* . . . .'" *Lynott v. Story*, 929 F.2d 228, 232 (6th Cir.

1991) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)) (emphasis in original). "'The burden of

demonstrating the materiality of the information requested is on the moving party.'" *Williams v. Bagley*,

380 F.3d 932, 974 (6th Cir. 2004) (quoting *Stanford*, 266 F.3d at 460). "Rule 6 does not 'sanction fishing

expeditions based on a petitioner's conclusory allegations.'" *Id.* (quoting *Rector v. Johnson*, 120 F.3d

551, 562 (5th Cir. 1997)).

Movant has not demonstrated good cause. He does not indicate how any of the requested materials

are relevant to any claims that would entitle him to relief. Thus, his motion to compel will be denied.

Finally, Movant has filed a motion for an evidentiary hearing. An evidentiary hearing is not

warranted in this case because "the motion and the files and records of the case conclusively show that

[Movant] is entitled to no relief." 28 U.S.C. § 2255(b). Thus, the motion for an evidentiary hearing will also be denied.

## V.

For the reasons stated above, Movant's motion to to vacate, set aside, or correct the sentence imposed upon him by this Court will be denied as meritless. In addition, Movant's motion to compel and motion for an evidentiary hearing will be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant the grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted." *Id.* at 467. After assessing each of Movant's claims, the Court determines that reasonable jurists would not find that the Court's resolution of these claims is debatable or wrong. Consequently, a certificate of appealability will be denied. Accordingly,

An order and judgment will enter consistent with this Opinion.

Date:   March 29, 2017                    /s/ Paul L. Maloney
                                          PAUL L. MALONEY
                                          UNITED STATES DISTRICT JUDGE